UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

CALVIN COLEMAN
                    Plaintiff

        VS                                                      Civil Action No:_____

DEPT. PUBLIC SAFETY AND CORRECTION
(STATE OF LOUISIANA)
SECRETARY JAMES M. LEBLANC
WARDEN: DARREL VANNOY
DEPUTY WARDEN: KEVIN BENJAMIN
ASST. WARDEN: TRACY FALGOUT
L.S.P. MEDICAL DIR.,:DR. RANDY LAVESPERE
L.S.P. MENTAL HEALTH SPEC.,: DR. GAMBLE
L.S.P. CTP. SIMON
                    Defendants


**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65 (A) Plaintiff move this Court for a Preliminary Injunction for the reasons set forth below and in Plaintiff's supporting memorandum of law.

1.)    There is a reasonable likelihood that Plaintiff will prevail on the merits while for more than a year approximately the defendants have denied Plaintiff and other inmates in Angola State Penitentiary mental health program adequate mental health treatment.

For example approximately one year ago Plaintiff was diagnosis as suffering from psychotic symptoms such as delusions and hallucination seen in a schizophrenia mental patient and was prescribed Olanzaphine commonly known as Zyprexa by Angola psychiatrist Dr. Gamble

Whereas Plaintiff decided to stop taking said medication due to Angola security officials interfering with Dr. Gamble's medication directions by improperly prescribing said medication at the incorrect time.

1

Furthermore Angola security official is not following none comply mental health policy which states that whenever mental health inmate refuse to take prescribed mental medication said inmate should be placed on administrative segregation until he take such medication or be evaluate by a mental health psychiatrist. While in Plaintiff's case he was never placed in Administrative Segregation due to refusing to take said anti-psychotic medication.

Nevertheless, after a week of refusing said antipsychotic medication Plaintiff experienced a mental breakdown during altercation over a cell phone and attacked two female officers on July 15, 2018. Furthermore Plaintiff have filed several A.R.P. stating that he wasn't mentally fit to be placed in population prior to the above mentioned incident

While unbeknowing to Plaintiff he only became aware of the Olanzapine withdrawal symptoms via his attorney July 23, 2018 which states, "Those who are suffering with Olanzapine withdrawal symptoms may be tacking one of the most difficult medication withdrawal. Said withdrawal symptoms may experience unruly and annoying side effect amongst other harmful side effect such as difficulty sleeping, olanzapine withdrawal, depression, sweating, tremor, flu like symptoms, anxiety and muscle pain. See: wwwAlternativetomeds.com/antipsychotic/olanzapinewithdrawal.html

Nevertheless after a week of refusing said anti-psychiatric medication Plaintiff have experienced a suffering withdrawal symptoms since Aug. 3, 2018 and have talked to Angola social workers and have not received any olanzapine withdrawal treatment.

In failure to treatment said withdrawal symptoms the Defendants have acted with deliberate indifference to a substantial risk of serious harm in violation of Plaintiff's rights under the Eighth Amendment.

2.) There is a substantial threat of irreparable harm if this honorable court don't grant this injunction relief. Whereas Angola State Penitentiary mental health program is such a perturb state that it would shock the conscious of a mature society; for example on Aug. 9, 2018 after suffering withdrawal

2

symptoms from refusing to take citslopram a major depressive disorder drug that was also prescribed by psychiatrist Dr. Gamble.

Plaintiff pass out in a seizure state and security arrived and activated her body camera and film me in such a stage the EMT came and I regained conscious I told the EMT that I was suffering withdrawal symptoms from olanzapine and citalopram.


Thereafter I was taken to the treatment center where I was given a drug test which I passed, in which I was evaluated by a social worker and I explained to her that I was suffering withdrawal symptoms from my refusing to take said medication such as seizures, muscle pain, diarrhea, headaches nausea; while the social worker placed me on suicidal watch.

Where I was placed in Administrative Segregation Camp "C" Tiger 1-R-6 in the cell with another inmate who was suicidal and homicidal; Jazmine Jackson #567682

Inmate Jackson expressed to Cpt. Simon that he was suicidal and homicidal and that if he placed me in the cell with him we might get in a fight due to his mental health state.

Thereafter I told Cpt. Simon that by putting me in cell with another mental health patient who was suicidal and homicidal that he was placing my life in danger, which he threatened me with mace and told me "If you don't go in the cell I'm going to mace you down like a dog."

I was then placed in the cell with a paper gown that was ripped. I told Cpt. Simon that the gown was ripped and he told me, "that's good, now it would be easier for me to get fucked then."After getting placed in the cell Jazmine Jackson #567682 attacked me "calling me the devil."

The paper gown being already ripped I was practically naked fighting for my life. Cadet Bahgham was making his rounds, he activated his beeper in which Cpt. Simon arrived and activated his body camera and filmed the whole incident, with the both of me and inmate Jackson fighting practically naked.

3

Captain Simon threatened the both of us with mace if we didn't stop fighting, at that point we both stopped fighting. I was then taking to the shower naked in handcuffs. I was then put in another cell with another inmate who was on suicidal watch, as I was going to the cell naked Cpt. Simone told me, "Now look at your fine ass, I can fuck you right now and you won't be able to do nothing just like those two female officers you put your hands on, you coward bitch."

I was seen by EMT where I re-injured my lower back which I only received analgesia balm, muscular pain reliever while I've filled out several sick call for olanzapine and citalopram withdrawal symptoms and haven't been seen by a doctor or psychiatrist Dr. Gamble.

Whereas Plaintiff is still under Angola mental health care evaluation and subject to be placed on suicidal watch during such evaluation at any given moment, while the constant practice of placing two mentally ill patients in the cell together in a unhealthly sexual manner (e.g. mental patients are only allow paper gown that don't cover inmate penis and buttock while walking around the two men cell.) in such situation is a recipe for disaster.

Furthermore inmate on inmate assaults throughout Angola have increased over the years, while last month one inmate brutally kicked another inmate to death such a situation can easily repeat itself when two practically naked mental ill patients are in the same cell, one who is schizophrenia who may believe the other mental health patients is looking at his expose private parts.

While Angola prison administration is also in violation of Dept. of Public Safety and Correction Health Care Policy no. HC-38-2(D), which states, "When standard issue clothing presents a security or medical risk (for examples, suicide observation) provisions are made to supply the inmate with a security garment that will promote inmate safety in a way that is designated to prevent humiliation degradation." the current practice of handling Angola mentally ill patients is obvious in a humiliation and degraded fashion. Plaintiffs have suffered and continue to suffer serious physical and mental injuries.

4

3.) The threatened injury to plaintiffs outweigh any harm the proposed injunction may cause defendants the relief that Plaintiffs seek is an order compelling defendants to perform their preexisting duties under the U.S. Constitution. The U.S. Supreme Court ruled in Hudson v. Macmillan, 503 U.S. 1, 9 (1992) what a serious medical need is in which in Wellman v. Faulkner, 715 f. 2d 269, 272-73 (7th Cir. 1983) "treatment of the mental disorder of mentally disturbed inmates is a serious medical need."

4.) The public interest will not be dis-serviced by a grant of preliminary injunction. To the contrary, the public interest is well served by protecting the constitutional rights of all it's citizens.

**PLEASE NOTE**: Plaintiff is in the process of exhausting the available administrative remedies. Plaintiff is filing this complaint and accompanying motion For Preliminary Injunction now to prevent irreparable injury as a result of the defendant ongoing violation of his constitutional rights: see Jackson v. D.C., F.3d262, 267-68 (D.C. Cir. 2001)

Plaintiff will immediately notify the court and file an amended complaint once all available administrative remedies have been exhausted while based upon information in belief several other mentally ill inmate have filed A.R.P. on this very same matter of two mentally ill inmates being on suicide watch in the same cell and the Angola prison Administration have failed to correct said matter.

Wherefore, Plaintiff request that upon consideration of this motion and their supporting memorandum of law this court order defendants their successors agents, employees and all persons acting in concert with them to provide plaintiffs and other mental ill inmates who placed on suicide watch to be placed in the cell by their selves, and given a longer gown that covers mental ill patients private parts in a better fashion then it currently do. Along with issuing a more adequate non-comply policy that make sure that if mental health care patient refuses their mental health medication be moved to administrative segregation until he take such medication, or be evaluated by a mental health care psychiatrist, issue a policy where security no longer pass out mental medications at the incorrect time that against the psychiatrist prescribed time order a mental and physical evaluation in which Plaintiff

5

can get treated for the various withdrawal symptoms he is suffering from refusing to take said harmful anti-psychotic medication, olanzapine, citalopram for major depressive disorder. Respectfully Submitted, this _28_ day of _SEPt_, 2018

## AFFIDAVIT/CERTIFICATE OF SERVICE

I, Calvin Coleman, hereby certify that a copy the foregoing has been served upon on all parties of record via Louisiana Dept. Public Safety and Correction, 504 Mayflower St. Bldg. 1, Box 94304. Capitol Sta.-Baton Rouge, La. 70804. Including the Clerk of Court for Middle District by placing a copy in the hand of the classification for filing in accordance with the mailbox rule of law filing in accordance with the mailbox rule of law.

Submitted this _28th_ day of _SEPt_, 2018.

_____

**Please Serve**

Louisiana Dept. Public Safety and Correction,
504 Mayflower St. Bldg. 1, Box 94304.
Capitol Sta.-Baton Rouge, La. 70804.


Calvin Coleman #399534
Louisiana State Prison
Angola, La. 70712

Calvin Coleman #399534
Camp "C" Jag. 2-R3
Angola, La. 70712

6