# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN COLEMAN (#108298) | CIVIL ACTION |
| VERSUS | |
| JAMES LEBLANC, ET AL. | 18-884-JWD-RLB |

## RULING

Before the Court is the plaintiff's Motion for Preliminary Injunction (R. Doc. 6-1). In order to obtain injunctive relief, the plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

On the record before the Court, the plaintiff is not entitled to the relief requested. The plaintiff is unable to demonstrate a substantial likelihood of success on the merits. The plaintiff asserts in his Motion that some or all of his claims have not been exhausted as mandated by 42 U.S.C. § 1997e. *See* R. Doc. 6-1, p. 12. Though the plaintiff asserts that he has attempted to exhaust his claims, the plaintiff has not supported this assertion with any documentary evidence. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Preliminary Injunction (R. Doc. 6-1) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 25, 2019.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**